IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JAMES K. CHAMBERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-387-A |
| | § | |
| A-AVALON CORRECTIONS SERVICES, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Avalon Corrections Services, Inc., which says that it was misnamed "A-Avalon Corrections Services, Inc.," ("Avalon"), Southern Corrections, Inc.,(collectively, the "corporate defendants"), and L. Serrano, for summary judgment. The court, having considered the motion, the response of plaintiff, James K. Chambers, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted as to the claims asserted against the corporate defendants, and denied as to the claims against defendant Serrano. The court further finds that plaintiff should be required to file an amended complaint to set forth in one document all of his claims against defendant Serrano and that all records related to plaintiff's claims against defendant Serrano should be provided.

I.

Background

On May 21, 2015, plaintiff filed his original complaint in this action complaining of events that occurred on May 18, 2015. Plaintiff alleged that he went to the orthopedic and sports medicine clinic and was instructed by a "medical specialist-doctor" to go to the hospital, but that the instruction was overridden by defendant Serrano, who instructed that plaintiff not be taken to the hospital; plaintiff was left standing in the heat for five and one-half hours; and that plaintiff was eventually rushed to the emergency room where his blood pressure was found to be 192/183 and his pants had to be cut off of him due to swelling. In addition, plaintiff urged that defendant Serrano had attempted to provoke him and get him in trouble with the probation office. By filings made June 11 and June 24, 2015, Docs.[1] 13 & 18, plaintiff made further allegations urging that defendant Serrano retaliated against him by causing his probation to be revoked.

The complaint was verified by plaintiff under penalty of perjury. As part of the complaint, plaintiff represented that he had exhausted both steps of the grievance procedure available at the institution.

---

[1] The "Doc." reference is to the number given the document on the court's docket in this action.

II.

Grounds of the Motion

Defendants urge four grounds in support of their motion: (1) plaintiff did not exhaust his administrative remedies; (2) Avalon did not have an unconstitutional policy; (3) Serrano did not deprive plaintiff of medical treatment; and (4) Serrano did not retaliate against plaintiff.

III.

Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

4

non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

A. Exhaustion of Remedies

The first ground of defendants' motion urges that plaintiff failed to exhaust his administrative remedies in that he failed to proceed past step 1 of the grievance procedure. The court notes, however, that plaintiff attached to his original complaint copies of documents that purport to reflect step 2 grievances. And, plaintiff says in his summary judgment response that he exhausted his grievance remedies to the extent possible before his transfer to another facility. Defendants have failed to establish that they are entitled to judgment as a matter of law on this ground.

B. Liability of the Corporate Defendants

The second ground of the motion urges that the corporate defendants did not have an unconstitutional policy that harmed plaintiff. As they note, a defendant cannot be held liable under 28 U.S.C. § 1983 on a theory of respondeat superior or vicarious liaility. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Auster Oil & Gas, Inc. v. Stream, 835 F.2d 597, 601 (5th

5

Cir. 1988). Instead, liability may be imposed under § 1983 only "if the [defendant] itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359 (2011) (quoting Monell, 436 U.S. at 692) (internal quotation marks omitted). To establish liability under § 1983 thus requires plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted). Therefore, liability against the corporate defendants pursuant to § 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued en banc in response to a motion for rehearing in Bennett v. City of Slidell:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

6

> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.
>
> Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984) (per curiam). Other circuits have applied case law regarding governmental entities to private corporations. See Street v. Corrections Corp. of Am., 102 F.3d 810, 818 (6th Cir. 1996)(listing cases from other circuits to the same effect). There is no reason to believe that the same would not apply here. Auster Oil & Gas, 835 F.2d at 601; Calloway v. City of Austin, No. A-15-CV-00103-SS, 2015 WL 4323174, *6 n.2 (W.D. Tex. July 14, 2015).

Further, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." Spiller, 130 F.3d at 167. Absent from the complaint, however, are any specific facts pertaining to any policy or how the policy was the "moving force" behind the plaintiff's alleged damages. The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. Fraire v. City of

Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992). A plaintiff typically must at least allege a pattern of similar violations. Although plaintiff says that he will show an unconstitutional policy and pattern, he makes no effort to do so in his summary judgment response. Doc. 65.[3] Nor has he shown that there is any evidence in the record to raise a genuine fact issue in this regard. The corporate defendants are entitled to judgment.

C.  Claims Against Defendant Serrano

In their third and fourth grounds, defendants urge that defendant Serrano did not deprive plaintiff of medical treatment and did not retaliate against plaintiff.

For a prison official's deliberate indifference to serious medical needs to rise to the level of a constitutional violation, a prisoner must establish that the official knew of and disregarded an excessive risk to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. An official's "failure to alleviate a significant risk that he should have perceived but did not" does not constitute an Eighth Amendment violation. Id. at 838. In this case, based on the materials currently before the court, the

---

[3] Plaintiff's summary judgment response begins at the third page of the document.

court cannot conclude that there is no genuine issue of material fact with regard to plaintiff's deliberate indifference claim. Plaintiff has alleged under oath that he was directed to go to the hospital; that defendant Serrano intervened to prevent plaintiff from going to the hospital; that plaintiff was transported to the emergency room where he was found to have very high blood pressure and swelling that required his pants to be cut away. However, the court has not been provided medical records or any other records that reflect the sequence of events or nature of the injuries.

With regard to the claim of retaliation, although there may be a dispute as to defendant Serrano's motive, it seems to the court that the claim might be foreclosed by Heck v. Humphrey, 512 U.S. 477, 486-76 (1994), but that argument has not been made. Thus, the court is not granting judgment as to the retaliation claim as it has not been established as a matter of law that defendant Serrano did not retaliate against plaintiff.

V.

Order

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted in part as to plaintiff's claims against the corporate defendants; that plaintiff take nothing on his claims against the corporate defendants; and that such claims be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against the corporate defendants.

The court further ORDERS that by November 10, 2015, plaintiff file an amended complaint alleging with particularity all of his claims against defendant Serrano, bearing in mind that he must plead specific facts and not merely conclusory allegations to support each of his claims. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court further ORDERS that by 4:00 p.m. on November 10, 2015, defendants file, with plaintiff's cooperation, a document accompanied by an appendix including copies of records reflecting the nature and severity of plaintiff's medical needs, including, but not limited to: (1) all records of the Orthopedic & Sports Medicine Center pertinent to plaintiff's care on May 18, 2015;

(2) all records of the corporate defendants pertinent to plaintiff's claims in this action, e.g., requests for care made by plaintiff and disposition of such requests by defendants; and (3) all records of John Peter Smith or any other hospital that provided care to plaintiff on or about May 18 or 19, 2015, which document shall contain a statement that it is being filed pursuant to this order, and an index listing each of the items included in the appendix. Each of the items in the appendix shall be preceded by a tab corresponding to the number given that item in the index.

    SIGNED October 19, 2015.

_____
JOHN McBRYDE
United States District Judge